NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEBRA POWELL, an individual,

        Plaintiff - Appellee,

  v.

JOHN DENNIS RASMUSSEN, an individual,

        Defendant - Appellant,

and

COLTON RASMUSSEN, an individual, IAN RASMUSSEN, an individual, Nominal Defendant TERRA-MAGIC, INC., an Oregon corporation, Nominal Defendant TERRA-MAGIC SEEDS, LTD., an Oregon corporation,

        Defendants.

No. 24-6587

D.C. No.
2:19-cv-01077-JR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Submitted March 16, 2026[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON, FRIEDLAND, and BENNETT, Circuit Judges.

Defendant John Dennis Rasmussen appeals pro se the district court's supplemental judgment and money award in favor of Plaintiff Debra Powell. We affirm.

We review the district court's factual findings for clear error and its conclusions of law, and any mixed questions of law and fact, de novo. *Fed. Trade Comm'n v. Qualcomm Inc.*, 969 F.3d 974, 993 (9th Cir. 2020) (citing *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011)).

Defendant argues that the district court violated Securities and Exchange Commission (SEC) Rule 10b-5; Article III, Section 2, Clause 1 of the United States Constitution; 28 U.S.C. § 2041; and principles of admiralty and maritime jurisdiction in failing to consider the purported bonds tendered by Defendant in satisfaction of the judgment against him, which he provided to the district court as an attachment to a brief. Neither SEC Rule 10b-5, which prohibits insider trading, nor Article III, Section 2, Clause 1 of the Constitution, which defines the contours of judicial power, supports the claim Defendant raises, nor does any other legal authority Defendant has identified.

Defendant also argues that Plaintiff's attorney and expert witness conspired to create a fictitious method of accounting that resulted in a fraudulent calculation of annual profits generated by Terra Magic, Inc. and Terra Magic Seeds, Ltd. The

2                                                                                    24-6587

District Court based its calculation of annual profits on testimony from Defendant himself and from Plaintiff's expert. The record contains no evidence to suggest that the accounting principles used by Plaintiff's expert were fraudulent. In any event, Defendant's argument is immaterial because Defendant calculated higher annual profits than Plaintiff's expert did. Defendant has not shown that any of the District Court's calculations were clearly erroneous.

Defendant also contends that the district court and Plaintiff's attorney had conflicts of interest that should have barred their participation in the case below. Defendant separately sued multiple judges and Plaintiff's attorney for over $5 billion, but there is no evidence that Defendant's separate lawsuit created a conflict of interest requiring recusal here. *See Ignacio v. Judges of the U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1163 (9th Cir. 2006) (explaining that a judge would need to recuse if she were "a party to the proceeding" or for other reasons outlined by statute (quoting 28 U.S.C. § 455(b)(5)(i))).

Defendant also raises additional arguments in his reply brief: that the newly offered report of Defendant's expert should be considered, and that he is entitled to a trial by jury under the Seventh Amendment. We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**